UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LOUIS HENRY SAUNDERS, JR.,

                Plaintiff,                 **TRANSFER ORDER**
                                                                 24-CV-7411 (LDH) (LKE)

  -against-

NYC HEALTH AND HOSPITAL, *et al.*,

                Defendants.
-------------------------------------------------------------X
LaSHANN DeARCY HALL, United States District Judge:

       On October 23, 2024, Plaintiff Louis Henry Saunders, Jr., appearing pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff also filed an application to proceed in forma pauperis. As set forth below, the Court orders that this case be transferred to the United States District Court for the Southern District of New York.

## DISCUSSION

       Plaintiff brings claims against Defendants NYC Health and Hospital, Family Court Mental Service, David Usdan, and Michael Duncanson. (Compl., ECF No. 1.) According to the Complaint, these Defendants are located in New York County,[1] and the events giving rise to Plaintiff's claims took place at the Manhattan Family Court. (*Id.* at 3.)

       Venue is governed by 28 U.S.C. § 1391(b) which provides that an action may be brought in the "judicial district in which any defendant resides," or "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A transfer under § 1406(a) may be made upon

---

[1] Plaintiff does not provide addresses for any other defendants listed in the caption.

motion or by a court *sua sponte*. *See Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009) (collecting cases).

Even if a case is filed in a jurisdiction where venue may be proper, a Court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Accordingly, the Clerk of Court is hereby directed to transfer this action, in the interest of justice, to the United States District Court for the Southern District of New York. *See* 28 U.S.C. §§ 112(b),[2] 1406(a), 1404(a). The Court offers no opinion on the merits of Plaintiff's complaint.

A ruling on Plaintiff's in forma pauperis application is reserved for the transferee court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is waived. No summons shall issue from this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 14, 2025

/s/ LDH
L A SHANN D E ARCY HALL
United States District Judge

---

[2] The Southern District comprises the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan and Westchester. 28 U.S.C. § 112(b).